IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STACEY FISSEL,** | : | **CIVIL NO.1:CV-09-0005** |
| **Plaintiff** | : | |
| v. | : | |
| **JANET NAPOLITANO,** | : | **Judge Sylvia H. Rambo** |
| **Secretary, U.S. Department of Homeland Security** | : | |
| **Defendant** | : | |

## **M E M O R A N D U M**

In this case, Plaintiff seeks relief pursuant to Title VII[1] of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") against Defendant Janet Napolitano in her capacity as Secretary of the United States Department of Homeland Security. Plaintiff is a former employee of the United States Immigration and Customs Enforcement ("ICE"), an agency located within the Department of Homeland Security. Before the court is Defendant's motion for summary judgment. Defendant argues that Plaintiff is precluded from proceeding with this lawsuit because she failed to properly exhaust her administrative remedies. The parties have briefed the issues, and the motion is ripe for disposition. For the reasons that follow, the court will grant Defendant's motion for summary judgment.

---

[1] In her complaint, in addition to her Title VII claims, Plaintiff states that she "wishes to file a complaint under" various sections of the United States Code and the Code of Federal Regulations, including: 5.C.F.R. § 315 (dealing with career and career-conditional federal employment); 43 C.F.R. § 20.510 (dealing with fraud or false statements in a government matter—Title 43 concerns the Dept. of Interior and public lands); and 5 U.S.C. §§ 2302(2), (8)(A)(i), (ii), 2302(4), 2302(10), 2303(12)(c) (dealing generally with merit systems principles). None of these sections creates a private cause of action that would be independent to Plaintiff's Title VII claim, and, thus, the court construes Plaintiff's complaint as seeking those remedies provided by Title VII.

**I.      Background**

Ordinarily, when disposing of a motion for summary judgment the court would identify those facts that are subject to genuine dispute, and cite to the record in order to highlight the precise nature of any disputed facts. *See Forbes v. Twp. of Lower Merion*, 313 F.3d 144, 148–49 (3d Cir. 2002) (reaffirming the supervisory rule that "district courts in this circuit [must] accompany grants of summary judgment hereafter with an explanation sufficient to permit the parties and this court to understand the legal premise for the court's order.")(citations omitted). Here, however, the facts are not genuinely in dispute.

Although Plaintiff filed a response to Defendant's statement of material facts, she does not dispute the accuracy of the contents of the administrative record submitted by Defendant. Moreover, while she has attempted to dispute some of the facts presented by Defendant, Plaintiff has not filed any affidavits, declarations to support her assertions, or any other competent evidence. (*See* Docs. 14 & 15.) It is axiomatic that in defending against summary judgment, a party cannot simply reassert the facts alleged in her complaint; instead, she must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Plaintiff has not done so here. Instead, in her answers to Defendant's statement of material facts, she elaborated on statements made in her complaint but did not submit any affidavits or other admissible evidence to refute the facts set forth by

Defendant.² While Plaintiff does submit various documents in support of her opposition to Defendant's motion, these documents were either a part of the administrative record below and were submitted by Defendant, or they are other documentation that does not support Plaintiff's denials contained in her response to Defendant's statement of material facts.³ For instance, Plaintiff frequently references documents R.61 through R.89 which she includes with her response to Defendant's Statement of Material Fact, and which were also provided by Defendants. (*See* Doc. 15 at 8-36 of 80; Doc. 11-2 at R. 61-R.89.) These papers are statements that Plaintiff made in her filing to the Office of Spcial Counsel concerning her allegation that ICE committed prohibited personnel practices and retaliated against her for violation of the Whistleblower Act; however, they do not meet the requirements of an affidavit because they were unsworn and were not made subject to the penalties of perjury. *See Woloszyn v. County of Lawrence*, 396 F.3d 314, 323 (3d Cir. 2005)(citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158 n. 17 (1970) for the proposition that an unsworn statement does not satisfy the requirements of Fed.R.Civ. P. 56(e)).

Although, Plaintiff is proceeding *pro se*, she is not excused from complying with the Federal Rules of Civil Procedure. Specifically, Rule 56(e) requires that all statements of material fact must be supported by affidavit of other

---

²As Defendant points out, Plaintiff either disputes or asserts new facts unsupported by any affidavits in the following responses to Defendant's Statement of Material Facts: Doc. 14 ¶¶ 7-8, 11-12, 16-26, 31, 34, 43, 47, 54, 61-62, 67-68, 70-71.

³The documents submitted by Plaintiff in support of her opposition to summary judgment include various pages of the administrative record submitted by Defendants, her notice of approval for unemployment compensation benefits, an e-mail between her and her former counsel, and various sections of the Code of Federal Regulations. (*See* Doc. 15.)

3

competent evidence. Fed.R.Civ. P. 56(e). Furthermore, in this case, as it does with all cases where the plaintiff is proceeding *pro se,* the court, on January 20, 2009, issued its Standing Practice Order 94-2. (Doc. 3.) This order put Plaintiff on notice of "briefing and other litigation responsibilities that commonly arise during the course of a lawsuit." (Doc. 3 at 2 of 11.) Part B of the court's Standing Practice Order reviews the procedure for summary judgment under both the Federal Rules of Civil Procedure and the court's Local Rules, and plainly states:

> Rule 56(e) also provides that a party opposing a summary judgment motion may not rely on the mere allegations or denials in his or her pleading, such as a complaint. Instead, Rule 56(e) requires a party opposing a motion for summary judgment to file evidentiary material (affidavits of other evidence), as described in Rule 56, setting forth specific facts showing there is a genuine issue for trial.

(Doc. 3 at 4 of 11.) Plaintiff was duly warned that in defending against summary judgment she must produce evidence to support her claims, she has not done so in this case. Accordingly, the court will treat the facts as alleged and supported by Defendant as if they are unopposed.

### A. Facts

Plaintiff Stacey Fissel is a former employee of the United States Immigration and Customs Enforcement, an agency which is a part of the United States Department of Homeland Security. Defendant is Janet Napolitano, Secretary of the United States Department of Homeland Security.[4] Plaintiff has been a probationary employee in the position of Detention and Removal Assistant in the Office of Detention and Removal of ICE in York, Pennsylvania. Plaintiff began her

---

[4] Because this case is an employment discrimination case involving ICE rather than Secretary Napolitano personally, the court will refer to Defendant as "Defendant" or "ICE" throughout this memorandum.

employment with ICE on May 14, 2006, and was terminated effective May 10, 2007. Plaintiff's termination notice stated that she was terminated because she "failed to demonstrate acceptable performance of assigned duties and the ability to follow supervisory instructions." (Doc. 11-2, R. 4.)

### 1. **Termination**

When Plaintiff was informed of her termination, Joseph Sallemi, the Assistant Field Office Director, read the entire two-page termination notice to Plaintiff. (Doc. 11-2, R. 2, Sallemi Decl. ¶ 7.) Plaintiff signed the notice on that date, and added the additional statement – "not in agreement with this" – under her name. (*Id.* at R. 2 ¶ 8; R. 5.) At the time of her termination, Plaintiff was given a copy of the two-page termination memo. (*Id.* at R. 2 ¶¶ 10-11; R. 17, Kelly Mitra Decl.. ¶ 8.) On May 14, 2007, Plaintiff called and asked for a copy of the signature page of her termination notice, and on May 15, 2007, another copy of the termination notice with the signed signature page was sent to her. (*Id.* at R. 2 ¶ 11.)

The termination notice advised Plaintiff that she could take the following steps if she disagreed with the decision:

> You may appeal this decision to the Merit Systems Protection Board only if you believe your termination was based on discrimination because of marital status or partisan political reasons, no later than thirty days from the effective date of this action, pursuant to Title 5, Code of Federal Regulations, Part 1201. A copy of appeal form [sic] and regulations may be obtained at www.mspb.gov.
>
> Your appeal must contain the information identified in 5 C.F.R. § 1201.24 and, if you are additionally claiming discrimination due to race, color, religion, national origin, sex, disabling condition, or age (provided that at the time of the alleged discriminatory action, the employee was at least 40 years of age) your appeal should also contain the information identified in 5 C.F.R. § 1201.153.

> Any allegation that your termination as based in whole or in part because of race, color, religion, sex or national origin, disabling condition, or age (provided that at the time of the alleged discriminatory action, the employee was at least 40 years of age) may be taken up with ICE under the provisions of 29 C.F.R. Parts 1613 and 1614. To do so, you must first consult an ICE Equal Employment Opportunity (EEO) Counselor within forty-five (45) calendar days after the effective date of this action at 202-514-2732.
>
> Information about the above appeal rights may be obtained from Ms. Carol Rice, Employee and Labor Relations Officer, 202-514-9436 or carol.h.rice@dhs.gov.
>
> Please make arrangements to return all ICE property in your possession.

(Doc. 11-2 at R. 4-5)

The termination notice was signed by Jacqueline Osterind, the Deputy Field Office Director for ICE, but was prepared by Carol Rice, a contract employee with the Employee Labor Relations Office of ICE. (*Id.*; Doc. 11-2, R. 20 Carol Rice Decl. ¶ 7.) At the time the termination notice was provided, the telephone number for ICE's EEO Counselor—202-514-2732—was correct; however, at some point ICE's EEO office moved and the phone number changed. (*Id.*, ¶¶ 9-10.)

## 2. **Merit Systems Protection Board**

On June 6, 2007, Plaintiff filed an appeal of her termination to the Merit Systems Protection Board ("MSPB") using MSPB Forms 185-1 & 185-2. (Doc. 11-2 at R. 24-29.) The second page of MSPB Form 185-2 informed Plaintiff that she could raise other claims with her MSPB appeal, and that such claims had to be raised no later than the close of the prehearing conference or could be raised then by completing and attaching the appropriate supplemental forms. (*Id.* at R. 27.)

Included among the additional types of claims that Plaintiff could raise in her MSPB appeal were, among others:

> MSPB Form 185-4B – For claims that the agency action or decision was the result of prohibited discrimination (race, color, religion, sex, national origin, disability, age). See 5 CFR. 1201.151 and 1201.153.
>
> MSPB Form 185-4C – For claims that the agency action or decision was the result of a prohibited personnel practice. See 5 CFR 3202(b) and 5 CFR 1201.56(b)(2).

(Doc. 11-2 at R. 27.) In her MSPB appeal, Plaintiff alleged that she was discriminated against because she is a single parent. (*Id.* at R. 28.) Additionally, Plaintiff raised claims of "prohibited personnel practices" on Form 185-4C, but did not file a Form 185-4B to assert a claim of sex discrimination. After proceeding administratively for approximately one month, Plaintiff agreed to a voluntary dismissal of her appeal without prejudice so that she could proceed with a complaint about possible prohibited personnel practices with the Office of Special Counsel.[5] (Doc. 11-2 at R. 40-45.) Plaintiff's MSPB appeal was dismissed on July 3, 2007, and she was advised that if she wanted to refile the appeal that she had to do so by no later than January 10, 2008. (*Id.* at R. 41.) Plaintiff never re-filed her MSPB appeal.

---

[5] On July 30, 2007, Plaintiff filed a complaint with the Office of Special Counsel ("OSC")—an independent federal agency that investigates and prosecutes allegations of prohibited personnel practices—alleging that she was the victim of prohibited personnel practices and retaliation under the federal Whistleblower Act. Included in the information that Plaintiff was provided to prepare her OSC complaint was an instruction emphasizing that although the OSC is authorized to investigate discrimination based upon, among other things, sex, that the OSC usually "defers such allegations to agency procedures established under regulations issued by the Equal Employment Opportunity Commission." (Doc. 11-2 at R. 47.) Plaintiff's complaints to the OSC were denied on August 31, 2007. Plaintiff appealed and the OSC's decision was upheld on September 21, 2007.

### 3. **Equal Employment Opportunity Complaint**

After having her appeal denied by the OSC and voluntarily dismissing her appeal with the MSPB, Plaintiff made her initial contact with an Equal Employment Opportunity ("EEO") counselor for ICE on September 27, 2007—four and one half months after her termination. In her complaint to the EEO, Plaintiff alleged for the first time discrimination and a hostile work environment by ICE based on her sex, parental status, and retaliation for complaining about discrimination. (Doc. 11-3 at R. 118.)

On November 22, 2007, the EEO Counselor informed Plaintiff of her right to file a formal EEO complaint, and Plaintiff filed her formal complaint on December 10, 2007. (Doc. 11-4 at R. 278-81, 284-92.) On June 3, 2008, the Department of Homeland Security ("DHS") issued its Final Agency Decision and dismissed Plaintiff's EEO complaint on two grounds. First, DHS decided that Plaintiff had failed to timely contact an EEO counselor within 45 days of her May 10, 2007 termination.[6] (Doc. 11-5 at R. 349.) The second ground for dismissing Plaintiff's EEO complaint was the fact that Plaintiff had first filed an MSPB appeal. (*Id.*) DHS noted that pursuant to 29 C.F.R. § 1614.302(b), an aggrieved individual could initially file a mixed case with the EEO officer or with the MSPB, but not both. (*Id.*) Plaintiff appealed to the Equal Employment Opportunity Commission ("EEOC") on July 1, 2008. On October 9, 2008, the EEOC affirmed DHS's final

---

[6] In her EEO filing Plaintiff asserted all of the deficiencies with her termination notice that she asserts in this case. For instance, she stated that she was told that she was only entitled to appeal to the MSPB, and that she was given an incorrect telephone number for DHS's EEO counselor. (*See* Doc. 11-3 at R. 114, 140.) DHS concluded that Plaintiff knew from her termination letter about her rights to file a claim with an EEO officer, and found Plaintiff's assertion that no one answered the phone at the EEO office not credible to warrant an extension of time or to toll the 45-day time period. (Doc. 11-5 at R. 349.)

decision dismissing Plaintiff's EEO complaint.  *Fissel v. Chertoff*, 2008 WL 4699914 (EEOC Oct. 9, 2008).

### B. Procedural History

On January 2, 2009, Plaintiff filed her complaint *pro se*.  (Doc. 1.)  Plaintiff filed an amended complaint on January 30, 2009.  (Doc. 5.)  On April 20, 2009, Defendant filed its motion for summary judgment, its brief in support, statement of material facts, and supporting documentation.  (Docs. 10-12.)  On May 5, 2009, Plaintiff filed her answer to Defendant's statement of material facts along with supporting exhibits.  (Docs. 14-15.)  As mentioned above, Plaintiff did not file a brief in opposition to Defendant's motion, and did not file any affidavits with her exhibits.  With leave of court, on May 29, 2009, Defendant filed a response to Plaintiff's answer to Defendant's statement of material facts.  (Doc. 18.)  Because all briefing deadlines have now passed, Defendant's motion is ripe for disposition by the court.

## II. Legal Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001).  A factual dispute is "material" if it might affect the outcome of the suit under the applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a

verdict for the non-moving party. *Id.* at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As stated in the introduction to this memorandum, Plaintiff must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

### III.        Discussion

Defendant contends that it is entitled to judgment in its favor because Plaintiff's initial election to pursue an appeal with the MSPB, and her decision to

forego that MSPB process by voluntarily discontinuing her appeal, precludes her from filing a Title VII claim based on her EEO complaint. In the alternative, Defendant argues that Plaintiff's claims fail as a matter of law because she did not timely exhaust her administrative remedies. Because the court agrees with Defendant that Plaintiff's selection of the MSPB appeal process precludes her filing a Title VII action through her EEO complaint, the court will grant Defendant's motion and it need not address the issue of whether Plaintiff timely exhausted her EEO administrative remedies.[7]

Before a former federal employee can bring suit alleging employment discrimination she must first raise her claims administratively and adhere to "rigorous administrative exhaustion requirements and time limitations." *Brown v. General Services Administration*, 425 U.S. 820, 833 (1976). Generally, when an employee claims discrimination based on a protected classification—such as Plaintiff is claiming here—she must seek relief from the EEO office of the employing agency. *See Robinson v. Dalton*, 107 F.3d 1018, 1020-21 (3d Cir. 1997). However, where a federal employee is subjected to an adverse employment action—like termination—that is appealable to the MSPB, and the employee also believes that the action was motivated in part by discrimination, the employee can raise a discrimination claim either through a "mixed case complaint" with the agency's EEO department or a "mixed case appeal" with the MSPB. *See* 29 C.F.R.

---

[7]The fact that the court need not address the issue of whether Plaintiff properly exhausted her EEO administrative remedies means that all of Plaintiff's "contested facts" are immaterial to the court's decision in this case. Accordingly, even if the court were to have accepted Plaintiff's attempt at refuting Defendant's presentation of the facts, despite her lack of any affidavits or other admissible evidence to support her verison of events, these disputes would not change the outcome of the case. Plaintiff's initial election of the MSPB is controlling and it is through that process, rather than through the EEO process, that Plaintiff should have raised her claims of discrimination.

§ 1614.302(a). The statutory and case law make it clear that a federal employee cannot file *both* a mixed case complaint with the EEO office *and* a mixed case appeal with the MSPB. *See* 29 C.F.R. § 1614.302(b); *Burkhart v. Potter*, 166 Fed. Appx. 650, 652 n. 4 (3d Cir. 2006). The election between the MSPB or the agency's EEO office is made when a formal complaint is filed in either forum, 29 C.F.R. § 1614.302(a), and once a federal employee chooses a particular route, she must exhaust the administrative remedies in that forum. *See Economou v. Caldera*, 286 F.3d 144, 149 (2d Cir. 2002) (holding that a federal employee who had first filed a formal appeal with the MSPB was required to exhaust his administrative remedies in that forum and could not move at will to another forum).

In this case, when she was terminated, Plaintiff choose to pursue her administrative grievances through an appeal to the MSPB, and in so doing she could not later file a separate EEO action. The regulations plainly state that "[a]n aggrieved person may initially file a mixed case complaint with an agency['s] [EEO office] pursuant to this part **or** an appeal on the same matter with the MSPB . . . **but not both**." 29 C.F.R. § 1614.302(b) (emphasis added). Accordingly, there is no genuine dispute that Plaintiff could have raised her discrimination claims through the MSPB. Plaintiff was adequately informed of her rights to raise these claims before the MSPB as she acknowledges having received at least the first page of her termination letter which informs her of this right. (*See* Doc. 11 ¶ 11; Doc. 14 ¶ 11.) Moreover, the MSPB papers that she filed to initiate her claim also informed her of the steps that she should take to raise discrimination claims before the MSPB. (*See* Doc. 11-2, at R. 27.)

The fact that Plaintiff voluntarily discontinued her MSPB appeal does not allow her to jump onto the EEO track. *Economou*, 286 F.3d at 149. Instead, if Plaintiff believed that her termination was motivated by discrimination, once she chose to file a case with the MSPB, she was required to have raised her claims in that administrative forum and fully exhausted her remedies there before coming to court. She did not do so, and cannot now come into court with a Title VII claim based on her EEO complaint. To say more would be to paint the lily. With two paths from which to choose, Plaintiff chose to file her case with the MSPB. She did not pursue her discrimination claims in that forum, and cannot resuscitate them through an EEO filing or a Title VII action in this court. Plaintiff's claims fail as a matter of law.

**IV.        Conclusion**

In accordance with the foregoing discussion, the court will grant Defendants' motion for summary judgment. An appropriate order will issue.

                                                                    s/Sylvia H. Rambo
                                                                    United States District Judge

Dated: October 29, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STACEY FISSEL,** | : | **CIVIL NO.1:CV-09-0005** |
| **Plaintiff** | : | |
| v. | : | |
| **JANET NAPOLITANO,** | : | **Judge Sylvia H. Rambo** |
| **Secretary, U.S. Department of Homeland Security** | : | |
| **Defendant** | : | |

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendant's motion for summary judgment, (Doc. 10), is **GRANTED.** The clerk of court is directed to enter judgment for Defendant and against Plaintiff, and close the case.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: October 29, 2009.